## Amos Jones, Appellant, v. Lottie Veeck et al., Appellees.

### (Not to be reported in full.)

Appeal from City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Amos Jones, plaintiff, against Lottie Veeck, Julius F. Veeck, Julius Veeck and Rosa L. Veeck, defendants, to recover commissions for the sale or exchange of real estate. From a judgment against him, the plaintiff appeals.

J. V. E. MARSH, for appellant.

WILLIAM P. BOYNTON, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Jones v. Veeck, 197 Ill. App. 119.

## Abstract of the Decision.

1. Principal and agent, § 72*—*when agent acting for both parties not entitled to recover commission.* While an agent's right of recovery against his principal for commissions will not be defeated where the latter had knowledge that the agent was also acting for the other party to the transaction and consented to his receipt of compensation therefor, lack of such knowledge and consent on the part of the principal will defeat the agent's action.

2. Appeal and error, § 1411*—*when verdict not disturbed on appeal.* Where there is a direct conflict of evidence as to the knowledge of a principal that his agent was also acting for the other party to the transaction and as to the principal's consent that the agent should receive compensation therefor, the question is one for the jury, whose verdict will not be disturbed on appeal in the absence of serious errors in the rulings on the admission of testimony or in the instructions.

3. Appeal and error, § 1712*—*when errors abandoned in argument not considered.* Where the appellant wholly abandons in his argument certain assignments of error on the record, the Appellate Court is not required, under the rules, to give them any attention.

4. Brokers, § 84*—*when evidence as to why transaction not completed competent.* In a real estate broker's action against his principal for commissions for effecting a sale or exchange of property, evidence as to why the transaction was never consummated held competent as tending to show that the broker had forfeited his right to commission.

5. Appeal and error, § 1410*—*when verdict not disturbed on appeal.* In the absence of serious error in the rulings of the trial court where the questions involved are principally those of fact, the Appellate Court is not warranted in disturbing the verdict of the jury unless it is against the manifest weight of evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.